IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY STUART,                )<br>                                                          )<br>          Plaintiff,                           )<br>                                                          )         CIVIL ACTION<br>v.                                                      )         FILE NO. 4:14-cv-00444<br>                                                          )<br>ENCORE RECEIVABLE            )<br>MANAGEMENT, INC.               )<br>                                                          )<br>          Defendant.                        )<br>_____) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Kimberly Stuart ("Plaintiff") is a natural person who at all relevant times resided in the State of Missouri, County and City of Saint Louis.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Encore Receivable Management, Inc. ("Encore") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Encore is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Encore.

9. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a GE Capital Retail Bank ("GE") CareCredit account (the "Debt").

10. Encore uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. On March 11, 2013, Encore sent Plaintiff a written communication attempting to collect the Debt and represented that the balance of the Debt owed was $1,513.00.

2

12. A true and accurate copy of Encore's March 11, 2013 correspondence is attached to this complaint as Exhibit A.

13. However, GE sent Plaintiff a written communication representing that the balance of the Debt owed was $1,513.25 as of March 5, 2013.

14. Therefore, Encore falsely represented the character or amount of Plaintiff's Debt in its March 11, 2013 correspondence.

15. Encore's March 11, 2013 correspondence was its initial written communication with Plaintiff regarding the Debt.

16. Encore's March 11, 2013 correspondence failed to inform Plaintiff whether the Debt was subject to the accrual of interest and/or other fees or charges on the date the notice was sent.

17. On or about February 25, 2014, P. Scott Lowery, P.C. sent Plaintiff written correspondence regarding the Debt, representing that the balance as of February 25, 2014 was $1,745.25.

18. Thus, Encore's March 11, 2013 initial written communication would be misleading to the consumer, who could readily conclude that the total account balance stated as due was due at any time, when in fact it was not, and was subject to adjustment on a periodic basis.

19. Plaintiff's right to dispute the Debt, or any portion of thereof, as provided by section 1692g is prejudiced by Encore's failure to inform Plaintiff that the Debt

consisted of interest or other charges subject to increase, where such additional charges are only disclosed after the thirty-day dispute period.

20. Encore's omission of material information, in its March 11, 2013 initial written communication, would deceive or mislead the consumer as to the character and amount of the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

21. Plaintiff repeats and re-alleges each and every factual allegation above.

22. Encore violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Encore violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

23. Plaintiff repeats and re-alleges each and every factual allegation above.

24. Encore violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Encore violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

25. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: March 11, 2014.

Respectfully submitted,

/s/ Anthony LaCroix
Anthony LaCroix

        LaCroix Law Firm, LLC
        Bar No.60793
        4235 Baltimore Ave.
        Kansas City MO 64111
        (816) 399-4380
        tony@lacroixlawkc.com
        *Counsel for Plaintiff*